**IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| STEWART ABRAMSON, individually and on behalf of a class of all persons and entities similarly situated, <br><br>              Plaintiff <br><br> vs. <br><br> DIRECT FUNDING NOW LLC, <br><br>              Defendant. | Case No. 2:22-cv-1183-CCW |

## <u>REPORT OF RULE 26(f) MEETING</u>

In accordance with Federal Rule of Civil Procedure 26(f) and Local Rule 16.1, counsel

for the parties submit the following report of their meeting for the court's consideration:

**1. Identification of Counsel and Unrepresented Parties**

    a. <u>Plaintiff</u>

    Anthony I. Paronich
    Paronich Law, P.C.
    350 Lincoln Street, Suite 2400
    [o] (617) 485-0018
    Hingham, MA 02043
    anthony@paronichlaw.com

    b. <u>Defendant</u>

    Daniel R. Bentz, Esq
    Marks, O'Neill, O'Brien, Doherty & Kelly, P.C.
    412-467-2021 Direct
    412-391-6171 Office
    dbentz@moodklaw.com

{M0271273.1}

Vatche Chorbajian, Esq.
Alain Chorbajian, Esq.
LAW OFFICES OF VATCHE CHORBAJIAN, APC
6006 El Tordo, Suite 207
PO BOX 661
Rancho Santa Fe, CA 92067
Telephone: (858) 759-8822
Facsimile:     (858) 923-2124
Email: Alain@vclegal.com
By *Pro-hac Vice* Motion to be filed with the Court

## 2.  General Nature of the Case

Plaintiff's Position: Plaintiff has brought this action under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, a federal statute enacted to regulate telemarketing practices. *See Mims v. Arrow Fin. Servs.*, *LLC,* 132 S. Ct. 740, 745 (2012). Plaintiff alleges that Defendant sent him and other putative class members pre-recorded telemarketing calls for purposes of promoting their goods and services without their prior express written consent. The Plaintiff's putative class period is for any calls that were sent from four years prior to the filing of the complaint forward, which is the TCPA's statute of limitations. Mr. Abramson, a retired professor, has been appointed as a class representative in TCPA cases on numerous occasions and intends to do the same here. The Plaintiff did not provide any of the requisite TCPA consent to get pre-recorded calls, which were apparently made by the Defendant's marketing company.

Defendant's Position:  Plaintiff is a vexatious litigant, and has filed numerous TCPA class action lawsuits in this court, and others.  Defendant uses marketing companies to market its services, and does not utilize pre-recorded messages to market its services.  Defendant cross references its numbers against the Do-Not-Call list, and ensures that it does not contact individuals whom are on that list.  Furthermore, Plaintiff inquired into Defendant's services and

{M0271273.1}

2

informed Defendant he was interested in funding in order to get money for advertising his business.

3. **Date of Rule 26(f) Conference**

The Rule 26(f) conference was held on September 28, 2022 and was attended by Anthony Paronich for the Plaintiff and Daniel Bentz and Alain Chorbajian for the Defendant.

4. **Date of Rule 16 Conference Scheduled by the Court**

The Court has scheduled the Rule 16 conference to be held on October 14, 2022.

5. **Anticipated Rule 12 Motions:** None

6. **Designation of ADR Process:**

  **Plaintiff:** Mediation

  **Defendant:** Believes that an Early Neutral Evaluation would be more beneficial to the parties and the Court.

7. **Rule 26 Disclosures**

Defendant requests that a date for initial disclosures under Rule 26(a)(1) be set by the court upon its determination of Defendant's request for bi-furcation.

8. **Subjects of Discovery**

  A. *Plaintiff's Proposed Discovery Plan*

Plaintiff seeks discovery on the following subjects: (1) Defendant's and/or third-party call data regarding Plaintiff and the class; (2) identification of class members; (3) Defendant's policies and procedures regarding compliance with the TCPA; (4) Defendant's affirmative defenses, such as any consent to make the calls at issue; (5) Defendant's negligence or willfulness regarding any

{M0271273.1}

TCPA violations; (6) Defendant's document retention  policies; (7) identification of witnesses; and (8) Defendant's relationship with any third parties that may have relevant information surrounding this matter.

The Plaintiff opposes any bifurcated discovery. The Defendant has not demonstrated that Mr. Abramson was contacted in a manner different than any other putative class member, whether or not Direct Funding physically dialed the calls.

More generally, bifurcation of discovery is often "counterproductive." Manual For Complex Litigation (Fourth) ("MCL 4th") § 21.15 (2015).   The proposed bifurcation nearly guarantees that the parties will need to duplicate their work.   All told, this means at least two rounds of written discovery, two rounds of depositions (with the same witnesses being deposed twice as Defendant envisions below), and then two rounds of summary judgment briefing.   This is the opposite of judicial economy.   Indeed, "bifurcation of discovery in this case will increase litigation expenses by protracting the discovery period and by duplicating the discovery process, including the depositions." *Hartley-Culp v. Credit Mgmt. Co*, 2014 U.S. Dist. LEXIS 130308, *10 (W.D. Pa. Sep. 15, 2014).

Defendant's proposal is bound to lead to additional discovery disputes and proceedings that would be completely unnecessary without bifurcation.   There is significant overlap between discovery relevant to the merits of Plaintiff's individual claims and issues of class certification. *See Lakeland Reg'l Med. Ctr. v. Astellas US*, LLC, 2011 U.S. Dist. LEXIS 16684, *4 (M.D. Fla. 2011) ("the line between 'class issues' and 'merits issues' is practically difficult, if not impossible, to determine"); Notes of Advisory Committee on 2003 Amendments to Fed. R. Civ. Pro. 23(c)(1)(A) ("Active judicial supervision may be required" to avoid "an artificial and

{M0271273.1}

ultimately wasteful decision between 'certification discovery' and 'merits discovery.'").

4

9.  **Suggested Dates**

| Event | Parties' Proposal |
|---|---|
| **26(a) Disclosures** | October 7, 2022 |
| **Additional Parties** | December 28, 2022 |
| **Pleadings Amended** | December 28, 2022 |
| **Submit Plaintiff's Expert Report(s)** | March 3, 2023 |
| **Submit Defendant's Expert Report(s)** | March 27, 2023 |
| **Fact Discovery Completed** | May 10, 2023 |
| **File Motion to Certify Class** | May 24, 2023 |
| **Mediation Deadline** | June 7, 2023 |
| **Post-Discovery Status Conference** | TBD by the Court |

**B. Defendant's Proposed Discovery Plan:**

Defendant does not entirely object to the timeline proposed by Plaintiff. However, Defendant believes bi-furcation of discovery is warranted. The parties should move forward with the claims made by the individual Plaintiff and determine whether they are viable, before engaging in widespread, costly, time-consuming class discovery. Defendant does not believe that widespread, onerous class discovery is warranted in this type of case, when the substantive legal issues can be addressed with a more focused and efficient approach. As such, Defendant objects to the Rule 26(a) disclosure date identified by Plaintiff and requests that the disclosure date be

5

established by the Court in conjunction with its ruling on Defendant's request for bi-furcation. Defendant further requests that the Court create a briefing schedule on Defendant's anticipated motion to bi-furcate.

**10. Changes to Limitations in Discovery**

None requested by Plaintiff. Defendant believes that it would be significantly more efficient, for the parties and the Court, to litigate the underlying Plaintiff's claim, before engaging in widespread class discovery.

**11. Electronic Discovery**

The parties expect much discovery will be in electronic form., and the parties do not believe an ESI special master is needed at this time. Defendant believes an ESI protocol and Protective Order approved by the Court should be finalized before any discovery is commenced.

**12. Post-Discovery Status Conference**

The parties are requesting a post-discovery status conference.

**13. Rule 16 or 26 Orders**

The parties are requesting the entry of a Protective Order regarding treatment of documents produced in discovery.

**14. Special Master**

The parties are not requesting the appointment of a special master relating to any issues at this time.

**15. Disagreements between the Parties in this Report.**

As stated, the parties disagree on the ADR process to be undertaken. The parties further disagree on the timeline for discovery and how discovery should be undertaken. Defendant

{M0271273.1}

requests bi-furcation.

Dated: October 7, 2022                    PLAINTIFF,
                                          By his attorneys

                                          */s/ Anthony I. Paronich*
                                          Anthony I. Paronich
                                          Paronich Law, P.C.
                                          350 Lincoln Street, Suite 2400
                                          Hingham, MA 02043
                                          (617) 485-0018
                                          anthony@paronichlaw.com

                                          DEFENDANT,
                                          By its attorneys

                                          /s/ Daniel R. Bentz
                                          Daniel R. Bentz, Esq
                                          Marks, O'Neill, O'Brien, Doherty & Kelly, P.C.
                                          412-467-2021 Direct
                                          412-391-6171 Office
                                          dbentz@moodklaw.com

                                          Vatche Chorbajian, Esq.
                                          Alain Chorbajian, Esq.
                                          LAW OFFICES OF VATCHE CHORBAJIAN,
                                          APC
                                          6006 El Tordo, Suite 207
                                          PO BOX 661
                                          Rancho Santa Fe, CA 92067
                                          Telephone: (858) 759-8822
                                          Facsimile:    (858) 923-2124
                                          Email: Alain@vclegal.com
                                          By *Pro-hac Vice* Motion to be filed with the Court

## **CERTIFICATE OF SERVICE**

{M0271273.1}

I hereby certify that on October 7, 2022 the foregoing was filed through the Court's CM/ECF system, giving notice to all parties of record.

/s/ *Anthony I. Paronich*
Anthony Paronich